FILED
**United States Court of Appeals**
**Tenth Circuit**

**March 7, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

JACOB PATRICK KRAFFT,

　　Defendant - Appellant.

No. 22-5023
(D.C. No. 4:21-CR-00120-CVE-1)
(N.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **TYMKOVICH**, **BALDOCK**, and **PHILLIPS**, Circuit Judges.
_____

After his conviction of murder in the second degree, Jacob Patrick Krafft

appeals the district court's sentence as substantively unreasonable.  Exercising

jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

Mr. Krafft is a member of the Cherokee tribe.  In 2018, an Oklahoma jury

found him guilty of murder in the second degree for killing his father, and the state

court sentenced him to 25 years' imprisonment.  In 2021, following the United States

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

Supreme Court's decision in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), the state court dismissed the murder charge and vacated the conviction for lack of subject-matter jurisdiction.  In 2021, a federal grand jury indicted Mr. Krafft for second-degree murder in Indian Country, *see* 18 U.S.C. §§ 1111, 1151, 1153.  Mr. Krafft pleaded guilty to the federal charge.

The probation department prepared a presentence report resulting in a Federal Sentencing Guidelines range of 210 to 262 months' imprisonment.  Mr. Krafft filed a motion requesting a downward variance for a sentencing range of 70 to 97 months' imprisonment.  The government asked for a sentence at the top of the Guidelines range of 262.  The court denied Mr. Krafft's motion and sentenced him to 210 months' imprisonment, at the bottom of the Guidelines range.  This appeal followed.

Mr. Krafft argues the sentence the district court imposed is substantively unreasonable.  "We review the substantive reasonableness of a sentence for abuse of discretion."  *United States v. Kaspereit*, 994 F.3d 1202, 1207 (10th Cir. 2021).  Under this standard of review, "we will give substantial deference to the district court's determination and overturn a sentence as substantively unreasonable only if it is arbitrary, capricious, whimsical, or manifestly unjust."  *Id.*  In making this assessment, "[w]e must determine whether the length of the sentence is reasonable given all the circumstances of the case in light of the . . . factors" listed in 18 U.S.C. § 3553(a).  *Id.* at 1214.

Mr. Krafft argues his sentence is greater than necessary to effectuate the sentencing goals under § 3553(a) because the offense was largely, if not exclusively,

the result of untreated mental illness and threats by his father.  He argues his untreated mental illness distinguishes his case from those of otherwise similarly situated defendants, justifying a downward variance.  Relatedly, he argues he has demonstrated a capacity for reform that is greater than that of the typical defendant by keeping a clean prison disciplinary record.

The district court, though, considered these arguments and weighed them against the government's arguments for an even longer sentence than Mr. Krafft received.  Those arguments included Mr. Krafft's "history of murderous threats against others, prior violent acts against the victim, and his apparent lack of remorse for his actions related to the instant offense."  R. vol. 2 at 37.  The district court also considered Mr. Krafft's pre-sentence statement and impact statements from the victim's family members.  We cannot say the sentence it arrived at was arbitrary, capricious, whimsical, or manifestly unjust.  So, the district court did not abuse its discretion.

We affirm the judgment of the district court.

Entered for the Court

Gregory A. Phillips
Circuit Judge